People v Artwell (2021 NY Slip Op 21294)

People v Artwell

2021 NY Slip Op 21294 [73 Misc 3d 32]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, December 22, 2021

[*1]

The People of the State of New York, Respondent,
v
Odeshia Artwell, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, October 14, 2021

APPEARANCES OF COUNSEL

Nassau County Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel) for appellant.
Joyce A. Smith, Acting District Attorney (Kevin C. King and Autumn S. Hughes of counsel), for respondent.

{**73 Misc 3d at 33} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
On June 7, 2017, defendant was arraigned on three felony complaints with, respectively, two charges of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and one charge of criminal possession of forgery devices (Penal Law § 170.40 [2]), all class D felonies. At her arraignment, defendant was given notice that Immigration and Customs Enforcement (ICE) had filed a detainer against her. In court on September 13, 2017, pursuant to a plea agreement, the three felony charges were properly reduced to three class A misdemeanors (see CPL 180.50), defendant pleaded guilty to criminal possession of a forged instrument in the third degree (Penal Law § 170.20) in satisfaction of the docket, and she was sentenced as promised. Throughout this prosecution, defendant remained incarcerated in lieu of bail and [*2]pursuant to the ICE detainer. Since her plea and sentence date, defendant has remained in ICE custody.
Defendant filed a notice of appeal from the judgment of conviction. By decision and order dated July 18, 2019 (People v Artwell, 64 Misc 3d 65 [App Term, 2d Dept, 9th & 10th Jud {**73 Misc 3d at 34}Dists 2019]), this court, assuming without deciding that the determination in People v Peque (22 NY3d 168 [2013]) applies to misdemeanor convictions (see Artwell, 64 Misc 3d at 67), held that, while the District Court referred to "adverse immigration consequences" during the plea colloquy, it erred in that it "failed to mention deportation specifically" (id.; see Peque, 22 NY3d at 197). Noting that, in order to overturn her conviction, defendant was required to demonstrate that she would have rejected the plea if the court had warned her of the possibility of deportation, this court held the appeal in abeyance and remitted the matter to the District Court to afford defendant the opportunity to move to vacate her guilty plea, and for the District Court to report on any such motion.
On remittitur, defendant made her motion while in ICE custody, informing the District Court through her attorney that she would not have entered into the plea agreement had the court informed her specifically of the possibility of deportation, and she requested permission to withdraw her plea. The District Court, in its report, stated that it would "credit the defendant's statement as if sworn," but that it rejected her arguments and that it "had no hesitation in concluding that the defendant was fully aware of the potential for deportation" when she pleaded guilty, despite "defendant's insistence to the contrary." The court noted that, "[g]iven the ICE hold, which the defendant was aware of from the date of her arraignment, it strains credulity that she was unaware of the possibility of deportation at the time of her plea." Defendant now argues that the court erred by not, at a minimum, ordering a hearing on the issue.
For her vacatur motion to succeed, defendant had to present evidence that satisfied her burden of "establish[ing] the existence of a reasonable probability that, had the court warned . . . defendant of the possibility of deportation, . . . she would have rejected the plea and opted to go to trial" (Peque, 22 NY3d at 176; see People v Giuca, 33 NY3d 462, 474 [2019]; People v Vilardi, 76 NY2d 67, 72 [1990]). While defendant claims that she would not have pleaded guilty if the court had specifically warned her of the possibility of deportation, the circumstances surrounding the plea indicate otherwise. Defendant, with at least some awareness of the possibility of deportation, made an informed decision to take the extremely favorable guilty plea to criminal possession of a forged instrument in the third degree rather than face up to three felony convictions after trial, any{**73 Misc 3d at 35} one of which would have subjected her to up to seven years' incarceration (see Penal Law § 70.00 [2] [d]). Not only was defendant subject to an ICE detainer at the time of her plea, but, during the plea allocution, defense counsel requested that defendant, who was handcuffed, be uncuffed to sign an "appellate risk acknowledgment form which I have with respect to any possible immigration consequences if she does wish to file an appeal." In light of that statement, we find it unlikely that discussions regarding possible immigration consequences, including deportation, had not taken place between defendant and her attorney prior to her guilty plea.
[*3]
Moreover, defendant had pleaded guilty, on May 2, 2017, and June 1, 2016, to, respectively, criminal possession of stolen property in the fifth degree (Penal Law § 165.40) and criminal possession of a forged instrument in the third degree (the same crime to which she pleaded guilty in the case at bar). Defendant has failed to demonstrate that she would not be subject to deportation absent the instant conviction. Consequently, we are in agreement with the District Court's determination, made without holding a hearing, that defendant failed to satisfy her burden of showing that there was a reasonable probability that, had she been warned of the possibility of deportation, she would have rejected the plea (see Peque, 22 NY3d at 176).
In view of the foregoing, the People's contention that Peque is not applicable to misdemeanor convictions is rendered academic, and we decline to address it.
Accordingly, the judgment of conviction is affirmed.
Ruderman, P.J., Garguilo and Driscoll, JJ., concur.